```
            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| THE BOARD OF EDUCATION OF THE TOWNSHIP OF CHERRY HILL, CAMDEN COUNTY, | HON. JEROME B. SIMANDLE  Civil No. 09-5766 (JBS/JS) |
| Plaintiff, | **OPINION** |
| v. | |
| HUMAN RESOURCE MICROSYSTEMS, INC., ET Al., | |
| Defendants. | |

APPEARANCES:

Patrick D. Tobia, Esq.
MORGAN MELHUISH ABRUTYN
651 W. Mt. Pleasant Avenue
Suite 200
Livingston, NJ 07039
     -and-
Paul Howard Green, Esq.
SCHENCK PRICE SMITH AND KING
220 Park Avenue
P.O. Box 991
Florham Park, NJ 07932
     Counsel for Plaintiff

Matthew Todd Newcomer, Esq.
POST & SCHELL PC
Four Penn Center
1600 John F. Kennedy Boulevard
14th Floor
Philadelphia, PA 19103
     Counsel for Defendants Human Resource Microsystems, Inc. and
     BPO Management Services, Inc.

**SIMANDLE**, District Judge:

I.  INTRODUCTION

    This matter is before the Court on Defendants' motion to

dismiss the Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P.

[Docket Item 9]. As explained in today's Opinion, the Court finds that the motion should be converted to one for partial summary judgment as to Count I and granted with respect to that claim, but denied as to Count II.

**II. BACKGROUND**

Plaintiff, the Board of Education of the Township of Cherry Hill, brings this suit against two out-of-state corporations, Human Resource Microsystems Inc. and its alleged successor-in-interest BPO Management Services Inc.[1] The Complaint, which was removed from state court under 28 U.S.C. § 1441, is about the formation and voiding of a contract involving human resources software.

According to Plaintiff, on February 5, 2003, the Board of Education awarded a contract to Human Resource Microsystems to provide the Board with software to manage human resources issues. (Compl. ¶ 8.) The board made an initial payment on the contract in the amount of $84,370. (Id. ¶ 9.) However, on September 22, 2003, the contract was determined to be void after a rival software vendor, Keystone Information Systems, Inc., sued the Board in New Jersey Superior Court. (Id. ¶¶ 9-10.) The state court judgment also directed Human Resource Microsystems to

---

[1] The Complaint also includes ten unnamed individuals and five unnamed corporations whom Plaintiff may learn are liable for refund of the deposit.

return to the Board the contract deposit.  (Id. ¶ 10.)  See Final Order, Keystone Information Systems, Inc. v. Cherry Hill Board of Education, Docket No. L-3798-03 (N.J. Super. Ct., Camden County) (Sept. 22, 2003) ["Keystone Judgment"].  Human Resource Microsystems was not a party to that action, though they were notified of it.  (Id. ¶ 9.)  Because neither Human Resource Microsystems nor its successor have returned the $84,370, Plaintiff brings this suit to recover the funds paid to Human Resource Microsystems.

Defendants argue that California's statute of limitations bars the claims in the Complaint, and that California's statute applies because of the software license agreement's choice-of-law provision.  The Agreement provides:

> This Agreement shall be governed by the laws of the State of California and US Copyright laws.  If any provision of this License Agreement in any way contravenes the Laws of the State or jurisdiction in which the License Agreement is to be performed, such provisions shall be deemed to be deleted, and if any term of this License Agreement shall be declared by final adjudication to be illegal or contrary to public policy, it shall not affect the validity of any other term or provision of this License Agreement.

(Defs.' Ex. B, at 3.)  As to Count I of the Complaint, Plaintiff responds by arguing that this count is more properly characterized as a claim to enforce the state court's Keystone Judgment, supporting this claim with evidence of collaboration with respect to that action, and applying the separate statute of

3

limitations that applies to enforcement actions. As to Count II, Plaintiff argues that the choice-of-law provision should not apply because the contract that the license agreement was in furtherance of is void.

### III. DISCUSSION

#### A. Standard of Review

Dismissal under Rule 12(b)(6) is warranted when "accept[ing] all factual allegations as true and construe the complaint in the light most favorable to the plaintiff," Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), the Complaint fails to present a plausible basis for relief (i.e. something more than the mere possibility of legal misconduct). See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009). When the basis for dismissal is a statute of limitations, it must be apparent from the face of the Complaint that the statute bars the claim. See Brody v. Hankin, 145 Fed. App'x 768, 771-72 (3d Cir. 2005).

If a court considers evidence outside of the pleadings, it may convert the motion to dismiss into a motion under Rule 56, Fed. R. Civ. P, so long as the parties have sufficient notice. Butterbaugh v. Chertoff, 479 F. Supp. 2d 485, 490 (W.D. Pa. 2007) (citing In re Rockefeller Ctr. Props. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999)). Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to

4

any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).

### B.  Count I

Count I contends that the money paid to Human Resource Microsystems must be returned "as a result of the voiding of the parties' contract."  (Compl. ¶ 13.)  The Complaint does not apply a legal label to the claim, but merely recites the facts underlying it, emphasizing the state court's judgment that Defendants return the money.  Defendants characterize the claim as one sounding in contract, while Plaintiff states that the claim is not for breach of contract, but an effort to enforce the state court's judgment.  The Court agrees with Plaintiff that the Complaint's first count is fairly characterized as an effort to enforce a state court judgment, rather than a new claim arising under contract law.

Consequently, because Plaintiff's first claim is an effort to enforce the state court's judgment in <u>Keystone</u>, the applicable statute of limitations under either California or New Jersey does not bar this action.  <u>See</u> Cal. Civ. Proc. Code § 337.5; N.J. Stat. Ann. § 2A:14-5.

5

However, in support of Count I, Plaintiff submits its evidence supporting the viability of the claim as one for enforcement of the state judgment, namely, that the parties communicated about the state court lawsuit and that Human Resource Microsystems was aware of the litigation and its result. (Green Cert. Exs. D-F.)  Defendants' reply brief argues that, even if taken as true, this evidence is an insufficient basis for enforcing the state court judgment against them.  The Court will consider this evidence and, as Plaintiff suggests, convert Defendants' motion on this point to a motion for partial summary judgment.

There is no genuine issue of material fact regarding the relationship between the Board of Education and Human Resource Microsystems with respect to the state court litigation, and the undisputed facts entitle Defendants to judgment on this point. Even if Human Resource Microsystems and its counsel participated in discussions regarding the state court litigation and made suggestions as Plaintiff contends, this is an insufficient basis upon which to enforce the Keystone judgment against Defendants. An entity is not bound by a judgment under either the terms of that judgment or a theory of preclusion if the entity was neither a party to the judgment nor in privity with parties to the judgment.  See Ross v. Ross, 705 A.2d 784, 789-790 (N.J. Super. Ct. App. Div. 1997) ("But the court can make a legally binding

adjudication only between the parties actually joined in the action."); Republic of Philippines v. Westinghouse Elec. Corp., 782 F. Supp. 972, 983 (D.N.J. 1992) (citing Temple University v. White, 941 F.2d 201, 212 (3d Cir. 1991)) ("Collateral estoppel may be asserted only against someone who is a party, or in privity with a party, to the prior proceeding.").  It is not sufficient that the two entities share some overlapping interests in the litigation and shared advice.  See Taylor v. Sturgell, 553 U.S. 880 (2008) ("[P]reclusion is appropriate only if the putative agent's conduct of the suit is subject to the control of the party who is bound by the prior adjudication."); Symbol Technologies, Inc. v. Metrologic Instruments, Inc., 771 F. Supp. 1390, 1400-01 (D.N.J. 1991).[2]  Because the Defendants were neither parties to the state court suit nor in privity with the Board of Education in that suit, the Board cannot enforce the judgment against them.  The Court will therefore enter summary judgment in favor of Defendants as to Count I.

### C.  Count II

Plaintiff's second claim is based on a theory of unjust enrichment, as Plaintiff paid $84,370 but alleges it did not receive the services contemplated by the parties.  The question

---

[2] Additionally, the parties' interests were not fully aligned (as evidenced by the current suit), and the issues decided were not the same as those presented in this suit.

raised by Defendants as to this claim is whether the License Agreement's choice-of-law provision would apply the California statute of limitations to the unjust enrichment claim. California law sets a three-year limitation unjust enrichment actions, see First Nationwide Savings v. Perry, 11 Cal. App. 4th 1657, 1670 (Cal. App. 6th Dist. 1992), which is three years shorter than New Jersey's analogous statute. N.J. Stat. Ann. § 2A:14-1.

Defendants argue that the text of the License Agreement is clear that both the parties' contractual relationship and any dispute thereunder must be governed by California law. Plaintiffs argue that New Jersey's six-year statute of limitations under N.J. Stat. Ann. § 2A:14-1 should apply because the underlying contract is void.[3]

First, if the contract is void, depending on the reason for its being void, the choice-of-law provision contained in the License Agreement might not be enforceable.[4] Defendants correctly note that they are not bound by the state court's

---

[3] Neither party explains why the License Agreement's choice-of-law clause determines the law that governs the separate contract to purchase the license, but they both assume this is the case.

[4] For example, if the contract is void because it was against public policy for the public entity to enter the contract using the procedures it did, then it might follow that it would be against public policy to enforce the choice-of-law provision which was also improperly agreed to.

finding that the contract is void, for the reasons given above. But that does not resolve the issue.  The contract may nevertheless be void for the reasons that persuaded the state court.  Plaintiff will have the burden of establishing voidness and proving its unjust enrichment claim.  Since this Court has not yet determined that issue, it is premature to decide to enforce the contract's choice-of-law provision.

Second, even apart from the question of whether the contract is void in whole or in part, the scope of choice-of-law clause does not clearly extend to an action for unjust enrichment, as it refers only to the law governing the Agreement.  (Defs.' Ex. B, at 3.) ("This Agreement shall be governed by").  Generally, when a choice-of-law provision is intended to apply not only to interpretation and enforcement of the contract but also to any claims related to the contract, the language used is broader. Cf. Coram Healthcare Corp. v. Aetna U.S. Healthcare, Inc., 94 F. Supp. 2d 589 (E.D. Pa. 1999) (assessing application of similar provision to claims about contract formation).  Moreover, a claim for unjust enrichment provides a remedy where, as Plaintiff alleges here, there is no contract.  See, e.g., Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc., 171 F.3d 912, 936 (3d Cir. 1999).  Thus, it would not be logical to import a contractual choice-of-law clause into a circumstance in which Plaintiff seeks to establish that there is no contract.

As plead in Count II, the unjust enrichment claim is plausibly governed by New Jersey law in the absence of the California choice-of-law provision.  In a diversity case filed in New Jersey, New Jersey choice of law rules govern.  See Lebegern v. Forman, 471 F.3d 424, 428 (3d Cir. 2006).  Although the New Jersey Supreme Court has not explicitly adopted the Restatement's test for contract claims, New Jersey courts have regularly applied the "most significant relationship" test to such claims. See Gilbert Spruance Co. v. Pennsylvania Mfrs. Ass'n Ins. Co., 629 A.2d 885, 888 (N.J. 1993) (citing State Farm Mut. Auto. Ins. Co. v. Simmons' Estate, 417 A.2d 488 (N.J. 1980)); Restatement (Second) of Conflict of Laws § 146 (1971).  A New Jersey public entity has paid funds to a California company for services to be rendered in New Jersey.  The center of the parties' relationship would be in New Jersey, and the harm alleged was suffered in New Jersey.  In our application of New Jersey's choice-of-laws doctrine to this unjust enrichment claim, upon these facts, New Jersey's statute of limitations could apply.  It is premature to rule out this possibility.

Therefore, the motion to dismiss will be denied as to this claim since it is not apparent from either the face of the Complaint or the evidence adduced by the parties that the claim is barred by California's statute of limitations.

**IV. CONCLUSION**

In summary, the Court will grant partial summary judgment to Defendants as to Count I because the undisputed material facts show that Defendants are not bound by the state court judgment. However, the motion to dismiss as to the second count will be denied without prejudice because New Jersey law may plausibly apply, depending on whether the choice-of-law clause is void and depending on how that clause is properly construed.  The accompanying Order will be entered.

**September 28, 2010**           **s/ Jerome B. Simandle**
Date                                              JEROME B. SIMANDLE
                                                  United States District Judge